SECORD v. UNITED STATES.

No. 6171.

Circuit Court of Appeals, Ninth Circuit.

Nov. 10, 1930.

John F. Dore, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Hamlet P. Dodd and Cameron Sherwood, Asst. U. S. Attys., all of Seattle, Wash.

Before RUDKIN and WILBUR, Circuit Judges, and JAMES, District Judge.

WILBUR, Circuit Judge.

Appellant was tried on an indictment containing three counts alleging sales of intoxicating liquor on three different dates, the fourth count charging him with possession of liquor, two counts alleging previous conviction of possession of intoxicating liquor, and another count charging him with maintaining a nuisance. He was convicted upon all counts and his sentences of imprisonment run concurrently, aggregating six months in all, with a fine of $500.

In his brief on appeal appellant advances certain alleged errors of the trial court as a ground for reversal of a judgment against

him. There are five assignments of error. The first relates to the cross-examination of appellant. The bill of exceptions does not show that the alleged evidence set out in the assignment was offered at the trial. The point is not argued on appeal. The second, third, fourth, and fifth assignments relate to instructions given by the trial court to the jury. The bill of exceptions shows no objections made thereto and no exceptions reserved.

The appellant has requested that the alleged errors in the instructions be reviewed by this court, notwithstanding the failure of the appellant to object thereto on the trial. We find nothing in the case to justify a departure from the salutary rule requiring that a trial judge be advised by objection or exception of the portions of the charge deemed harmful to a defendant, in order that such error may be corrected in the trial court. This case well illustrates the importance of the rule. If the jury believed the testimony of the defendant, he would have been acquitted on all counts. Because the jury found that the testimony of the defendant was so unworthy of belief as not to create even a reasonable doubt, he was convicted. Appellant now insists that, on the charge of possession of the whisky found on his person, his explanation of that admitted fact was sufficient in law to excuse that possession. While it is true, if he so requested, he was entitled to an appropriate instruction, and also to except to any instruction given which precluded a consideration of his explanation, however incredible the story might seem to be, it is clear that such an instruction, in fact, would have been entirely unavailing in view of the verdict of the jury discarding his testimony as unworthy of credit, so that he is pressing upon us what is now demonstrated to be a mere technical advantage which he was not sufficiently interested in at the trial to call to the attention of the trial court, and which, if he had done so, would, no doubt, have been corrected.

Judgment affirmed.